PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
e-mail: pypesq@aol.com

Attorneys for Plaintiff
WILLIE L. MITCHELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE L. MITCHELL,

    Plaintiff,

vs.

OAK HARBOR FREIGHT LINES, INC.,

    Defendant.

No. C07-04388 MJJ

**COMPLAINT FOR DAMAGES**

Plaintiff WILLIE L. MITCHELL, by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 15 U.S.C. Section 1681(a). Jurisdiction of the Court over Plaintiff's federal claims is invoked pursuant to the provisions of 15 U.S.C. Section 1681(p). The alleged unlawful acts and practices occurred in the City of Newark, County of Alameda, California, which is within this judicial district.

2. Jurisdiction over Plaintiff's claims under state law is invoked pursuant to the provisions of 28 U.S.C. Section 1367. The claims which arise under state

-1-
COMPLAINT FOR DAMAGES


law are so related to claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff WILLIE L. MITCHELL (Mr. MITCHELL) is now, and at all times mentioned herein was, a citizen of the United States and a resident of the State of California. Mr. MITCHELL is an African-American Male.

4. Defendant OAK HARBOR FREIGHT LINES, INC. (hereinafter referred to as ("OAK HARBOR") and at all times mentioned herein was, a privately owned corporation organized and existing under the laws of the State of Washington. OAK HARBOR is a licensed interstate hauling/transportation/carrier and a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act (FRCA). (15 U.S.C. Section 1681.)

5. Mr. MITCHELL is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by such fictitious names. Mr. MITCHELL is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged herein, and that Mr. MITCHELL's injuries were proximately caused by their conduct. Mr. MITCHELL will amend this Complaint to allege their true names and capacities when ascertained.

6. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of said agency and employment. Mr. MITCHELL is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

///

## FACTUAL ALLEGATIONS

7.  Mr. MITCHELL is a professional truck driver. His career spanned a period of thirty-six (36) years, commencing in 1969. Mr. MITCHELL was hired by OAK HARBOR on March 2000. During his tenure with OAK HARBOR, Mr. MITCHELL drove trucks in Northern California. His employment with OAK HARBOR ended in October 2004. His last position with OAK HARBOR was as a Class A Commercial Truck Driver.

8.  In October 2004, Mr. MITCHELL underwent oral surgery. He was prescribed Vicodin by his treating physician. He took in the medication in the manner prescribed by his doctor, and it did not interfere with his ability to safely perform his job.

9.  On October 8, 2004, Mr. MITCHELL was subjected to a random Department of Transportation ("DOT") drug screen. Subsequently, OAK HARBOR informed Mr. MITCHELL that his drug screen had tested positive for marijuana. Mr. MITCHELL did not smoke marijuana and had never used any type of controlled substance during his employment with OAK HARBOR. Up until this time, Mr. MITCHELL had a flawless employment history and had passed more than a hundred (100) random DOT drug screens.

10. Upon learning of this alleged positive drug screen, Mr. MITCHELL immediately contacted his dentist to determine if the medication prescribed in connection with his oral surgery could have affected his drug screen. Mr. MITCHELL's dentist indicated that it could be the cause of the positive drug screen, and the dentist notified OAK HARBOR's testing agency about the possible reason for the positive result.

11. Based upon the dentist's explanation, Mr. MITCHELL requested a second drug screen be performed. OAK HARBOR refused to authorize a second drug screen. Shortly thereafter, Mr. MITCHELL's employment with OAK HARBOR ended.

12. Following his termination, Mr. MITCHELL sought unemployment

benefits. OAK HARBOR contested his claim for benefits and a hearing was held on December 31, 2004, before an Administrative Law Judge of the California Unemployment Insurance Appeals Board. The ALJ concluded that OAK HARBOR did not establish the reliability of its testing procedures and the evidence failed to establish that Mr. MITCHELL actually used drugs while employed as a commercial truck driver.

13. In or about August 2005, Mr. MITCHELL was hired by CPC Logistics, Inc. On August 25, 2005, one day after commencing his employment, he was terminated by CPC Logistics. Unbeknownst to Mr. MITCHELL at that time, OAK HARBOR had sent his new employer a false background report in which Mr. MITCHELL was said to have had (a) an accident in April 2004 in Georgia (where he never drove) and (b) a positive DOT drug screen.

14. From November 2004 to October 2005, Mr. MITCHELL worked for the Mercer Company as a temporary truck driver. In October 2005, Mr. MITCHELL obtained a permanent position at Ellco Transportation. During a business slow down, Mr. MITCHELL was laid off in March 2006.

15. Commencing in March 2006, Mr. MITCHELL received five rejections from different trucking companies where he had applied for employment. He was informed by Verifications, Inc., a reporting agency, that OAK HARBOR was providing false information regarding an accident in April 2004 in Georgia and a positive drug test to potential employers, thus making it impossible for him to work. He has been primarily unemployed from March 2006 to the present, and completely excluded from his chosen profession.

**DAMAGES**

16. As a proximate result of the Defendants' actions as alleged herein, Mr. MITCHELL was humiliated, hurt and injured in his health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and

suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to Mr. MITCHELL's damage in an amount to be shown according to proof.

17. As a further proximate result of the acts of the Defendants and each of them as alleged herein, Mr. MITCHELL has also suffered a significant loss of income and employment benefits in an amount to be shown according to proof.

18. Defendant OAK HARBOR's acts were willful, wanton, malicious and oppressive in that it knew or should have known that its conduct was unreasonable and illegal. OAK HARBOR's acts were carried out in willful and conscious disregard of Mr. MITCHELL's rights and well being, entitling Mr. MITCHELL to punitive damages in an amount appropriate to punish or make an example of it.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. SECTION 1681

19. Mr. MITCHELL hereby realleges and incorporates by reference Paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. In doing each and all of the acts alleged herein, Defendant OAK HARBOR intentionally, wilfully and without justification, violated the FCRA. (15 U.S.C. Section 1681.) On multiple occasions in August 2005, March 2006, and continuing through the present, without Mr. MITCHELL's knowledge or consent, OAK HARBOR disseminated false and misleading information about Mr. MITCHELL's driving record and employment history, essentially destroying his ability to procure gainful employment in his field.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Mr. MITCHELL hereby realleges and incorporates by reference Paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. In doing each and all of the acts alleged herein, Defendants

-5-
COMPLAINT FOR DAMAGES

engaged in a course of conduct which was intentional, extreme and outrageous. Defendants violated the FCRA with wanton and reckless disregard of the harm or injury that might result to Plaintiff.

23. As the proximate result of the acts above, Plaintiff suffered economic damages, humiliation, mental anguish, and severe emotional and physical distress.

24. The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Mr. MITCHELL hereby realleges and incorporates by reference Paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. Defendants had a statutory duty to take affirmative steps to prevent dissemination of inaccurate information about Mr. MITCHELL, and to take proper remedial steps to end the dissemination of inaccurate and damaging information once it became known to them.

27. Defendants knew or should have known that their failure to exercise due care in their response to inquiries about Mr. MITCHELL's employment with OAK HARBOR would cause Mr. MITCHELL to suffer severe emotional distress.

28. Defendants breached their duty of care to Mr. MITCHELL by failing to engage in fair, if any, investigation of Mr. MITCHELL's complaints of inaccuracy in the drug screen, and inaccuracy in their employment information.

29. In doing each and all of the acts alleged herein, Defendants engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Mr. MITCHELL.

**WHEREFORE,** Plaintiff prays for judgment against OAK HARBOR

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $381,000 to be determined at the time of trial;

2. Costs of suit incurred herein, including reasonable attorneys' fees;

3. Punitive and exemplary damages in an amount appropriate to punish and make an example of the Defendant to be determined at the time of trial; and

4. Such other and further relief as the Court deems just and proper.

Dated: August 24, 2007                     PRICE AND ASSOCIATES

*[signature: Pamela Y. Price]*

PAMELA Y. PRICE, Attorneys for Plaintiff WILLIE L. MITCHELL

1158P200

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of his Complaint.

Dated: August 24, 2007

PRICE AND ASSOCIATES

*/s/ Pamela Y. Price/*

PAMELA Y. PRICE, Attorneys for Plaintiff
WILLIE L. MITCHELL

-8-
COMPLAINT FOR DAMAGES