ELIZABETH R. ISON, State Bar No. 138382
THE ISON LAW GROUP
3220 M Street
Sacramento, CA 95816-5231
Telephone: (916) 492-6555
Facsimile: (916) 492-6556
Email: eison@theisonlawgroup.com

Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. MITCHELL, | CASE NO.: 3:07-CV-04388-MJJ |
| Plaintiff, | DEFENDANT OAK HARBOR FREIGHT LINES' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |
| v. | |
| OAK HARBOR FREIGHT LINES, INC., | JURY TRIAL REQUESTED |
| Defendant. | |

Defendant OAK HARBOR FREIGHT LINES, INC., a corporation ("Defendant"), hereby comes and answers the allegations set forth in WILLIE L. MITCHELL's Complaint for Damages ("Complaint") as follows:

**I. JURISDICTION AND VENUE**

1. The allegations set forth herein set forth a legal conclusion requiring no response.

2. The allegations set forth herein set forth a legal conclusion requiring no response.

**II. PARTIES**

3. Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

4. Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

1  5. Defendant lacks information to admit or deny the allegations set forth in this
2  paragraph, and on that basis denies these allegations.

3  6. Defendant lacks information to admit or deny the allegations set forth in this
4  paragraph, and on that basis denies these allegations.

### III. FACTUAL ALLEGATIONS

6  7. Defendant lacks information to admit or deny the allegations set forth in this
7  paragraph, and on that basis denies these allegations.

8  8. Defendant lacks information to admit or deny the allegations set forth in this
9  paragraph, and on that basis denies these allegations.

10  9. Defendant lacks information to admit or deny the allegations set forth in this
11  paragraph, and on that basis denies these allegations.

12  10. Defendant lacks information to admit or deny the allegations set forth in this
13  paragraph, and on that basis denies these allegations.

14  11. Defendant lacks information to admit or deny the allegations set forth in this
15  paragraph, and on that basis denies these allegations.

16  12. Defendant lacks information to admit or deny the allegations set forth in this
17  paragraph, and on that basis denies these allegations.

18  13. Defendant lacks information to admit or deny the allegations set forth in this
19  paragraph, and on that basis denies these allegations.

20  14. Defendant lacks information to admit or deny the allegations set forth in this
21  paragraph, and on that basis denies these allegations.

22  15. Defendant lacks information to admit or deny the allegations set forth in this
23  paragraph, and on that basis denies these allegations.

### IV. DAMAGES

25  16. Defendant lacks information to admit or deny the allegations set forth in this
26  paragraph, and on that basis denies these allegations.

27  17. Defendant lacks information to admit or deny the allegations set forth in this
28  paragraph, and on that basis denies these allegations.

1        18.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

### V. FIRST CLAIM FOR RELIEF

      19.    Defendant incorporates its answers to paragraph 1-18, above, as though fully set forth in response to this paragraph.

      20.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

### VI. SECOND CLAIM FOR RELIEF

      21.    Defendant incorporates its answers to paragraph 1-20, above, as though fully set forth in response to this paragraph.

      22.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

      23.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

      24.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

### VII. THIRD CLAIM FOR RELIEF

      25.    Defendant incorporates its answers to paragraph 1-24, above, as though fully set forth in response to this paragraph.

      26.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

      27.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

      28.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations.

      29.    Defendant lacks information to admit or deny the allegations set forth in this paragraph, and on that basis denies these allegations

## VIII.   AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which an award of compensatory or punitive damages can be granted.

THIRD AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the applicable federal and/or state statutes of limitations.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because at all relevant times, Defendant engaged in good faith efforts to comply with all applicable law, including but not limited to the Fair Credit Reporting Act ("FCRA").

FIFTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective measures provided by the Defendant or to avoid harm otherwise and failed to complain of any unlawful harassing conduct.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of this answering Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or his recoverable damages should be reduced because he failed to take reasonable steps to mitigate his damages.

EIGHTH AFFIRMATIVE DEFENSE

This Defendant is not liable for any acts or omissions of its employees that were beyond the scope of his or her employment.

1  NINTH AFFIRMATIVE DEFENSE

2  Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver,
3  misrepresentation and/or unclean hands.

4  TENTH AFFIRMATIVE DEFENSE

5  Plaintiff's claims for damages based on emotional, mental or physical injuries are barred
6  by the exclusivity provisions of the applicable workers' compensation laws within the California
7  Labor Code.

8  ELEVENTH AFFIRMATIVE DEFENSE

9  Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's
10  comparative fault.

11  TWELFTH AFFIRMATIVE DEFENSE

12  The losses incurred, if any there were, and the damages sought by Plaintiff in the
13  Complaint, which are denied, were caused directly and proximately by persons other than this
14  answering Defendant, whether individual, corporate or otherwise, and whether named or
15  unnamed in the Complaint.

16  THIRTEENTH AFFIRMATIVE DEFENSE

17  This Defendant expressly reserves the right to rely upon such other and further
18  affirmative defenses as may be supported by facts to be determined through further discovery in
19  this proceeding.  The Defendant also expressly reserves the right to assert such counterclaims as
20  may be supported by the facts and evidence.

21  FOURTEENTH AFFIRMATIVE DEFENSE

22  Plaintiff's state law claims are preempted, in whole or in part, by applicable federal
23  statutes, including but not limited to Title 49 U.S.C. §508.

24  FIFTEENTH AFFIRMATIVE DEFENSE

25  Defendant's alleged conduct in furnishing Plaintiff's safety performance records to other
26  motor carriers, as alleged in the Complaint, was privileged under Title 49 U.S.C. §508.

27

28

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has taken all precautions reasonably necessary to ensure the accuracy of all safety records furnished to other motor carriers and has otherwise complied with all applicable Department of Transportation ("DOT") regulations.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has taken all precautions reasonably necessary to protect driver safety records from disclosure as required by applicable DOT regulations.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is not a "consumer reporting agency" as that term is defined by Title 15 U.S.C. §1681a, and is thus Plaintiff cannot state a valid Fair Credit Reporting Act ("FCRA") claim against Defendant under Title 15 U.S.C. §§1681(p).

Dated: January 7, 2008               THE ISON LAW GROUP


                                     By: /s/ Elizabeth R. Ison
                                         ELIZABETH R. ISON

                                     Attorney for Defendant
                                     OAK HARBOR FREIGHT LINES, INC., a corporation