Pamela Y. Price, Esq., State Bar No. 107713
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
Email: pypesq@aol.com

Attorney for Plaintiff
WILLIE L. MITCHELL


Elizabeth R. Ison, State Bar No. 138382
THE ISON LAW GROUP
3220 M Street
Sacramento, CA 95816-5231
Telephone: (916) 492-6555
Facsimile: (916) 492-6556
Email: eison@theisonlawgroup.com

Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. MITCHELL, | NO. C07-04388-MJJ |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |
| v. | |
| OAK HARBOR FREIGHT LINES, INC., | Date: February 5, 2008 |
| Defendant. | Time: 2:00 p.m. |
| | Courtroom: 11 |
| | Honorable Martin J. Jenkins |

Plaintiff WILLIE L. MITCHELL ("Plaintiff") and Defendant OAK HARBOR FREIGHT LINES, INC. ("Defendant") hereby jointly submit the following Case Management Statement:

**1.     Jurisdiction and Service**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff's First Claim for Relief alleges a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. The court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. §1367.

All parties have been served.

**2.     Facts**

Plaintiff: Plaintiff Willie L. Mitchell is an African-American Male who has been a professional truck driver for thirty-six (36) years. Mr. Mitchell was employed with Defendant from March 2000 to October 2004, his last position being a Class A Commercial Truck Driver. When undergoing oral surgery in June 2004, he was prescribed Vicodin. Mr. Mitchell took the prescription as directed by the physician throughout the summer and fall of 2004. Mr. Mitchell was subjected to a random Department of Transportation ("DOT") drug screen on October 6, 2004. On October 18, 2004, Defendant informed Mr. Mitchell that he had tested positive for marijuana. Mr. Mitchell has never smoked marijuana or used any type of controlled substances. Mr. Mitchell had previously passed more than a hundred (100) random DOT drug tests and had a flawless employment history.

When he learned of the positive drug test, Mr. Mitchell immediately contacted his dentist, who indicated that the vicodin could have affected the outcome. Mr. Mitchell's dentist notified Defendant's testing agency of this possibility in writing. Mr. Mitchell requested a second drug test but his request was denied. Soon after, Mr. Mitchell's employment with Defendant ended. On December 31, 2004, an Administrative Law Judge of the California Unemployment Insurance Appeals Board concluded that Defendant did not establish the reliability of its testing procedures and failed to produce evidence that Mr. Mitchell used drugs during his period of employment.

On May 24, 2005, Mr. Mitchell was hired to work for CPC Logistics, Inc. ("CPC Logistics,") another trucking company. Mr. Mitchell was fired because Defendant sent a false background report to CPC Logistics. Oak Harbor reported a positive DOT drug result and an

accident in April 2004 in Georgia. From November 2004 to October 2005, Mr. Mitchell worked as a temporary truck driver. From October 2005, Mr. Mitchell worked as a permanent truck driver until being laid off in March 2006. Since then, Mr. Mitchell received five rejections of employment from trucking companies, and has been dramatically under-employed. Defendant has been providing to potential employers false information of the alleged accident in Georgia and the positive DOT drug test.

<u>Defendant</u>: From 2000-2004, Plaintiff worked for Defendant as a professional truck driver. Thereafter, Plaintiff sought and obtained truck driving positions with various other companies. Plaintiff alleges that Defendant intentionally provided false and misleading information to Plaintiff's prospective employers about his work record during his employment at Defendant. Specifically, Plaintiff alleges that Defendant falsely reported that Plaintiff: (a) was involved in an accident in April 2004 (in Georgia), and (b) tested positive for marijuana use. Plaintiff further alleges that Defendant's conduct damaged Plaintiff, in the form of lost job opportunities and emotional distress.

Defendant denies Plaintiff's allegations. Defendant is not a "consumer reporting agency" subject to the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Additionally, as a motor carrier operating in interstate commerce, Defendant is obligated to maintain driver qualification and safety records, and to respond to inquiries from prospective employers concerning driver safety performance records. At all times, Defendant has complied with its legal obligations as established the Department of Transportation ("DOT"). Defendant has maintained accurate driver records, and made those records available to prospective employers as specifically mandated by the DOT.

**3. Legal Issues**

<u>Plaintiff</u>: Mr. Mitchell anticipates the following issues will be litigated in this action:

(1)  Whether Defendant's dissemination of false and misleading information about Mr. Mitchell's driving record and employment history, thereby destroying his ability to obtain gainful employment in his field, violated 15 U.S.C. § 1681.

(2) Whether Defendant's actions constitute intentional infliction of emotional distress to Mr. Mitchell.

(3) Whether Defendant's actions constitute Negligent Infliction of Emotional Distress.

(4) Whether Mr. Mitchell is entitled to compensatory and special damages, costs of suit, punitive and exemplary damages, and other relief as the Court deems proper.

Defendant: Defendant anticipates the following issues will be litigated in this action:

(1) Whether Plaintiff has stated a claim upon which relief can be granted;

(2) Whether Defendant is a "consumer reporting agency" within the definition of the FCRA;

(3) Whether Defendant violated 15 U.S.C. §1681;

(4) Whether Defendant intentionally subjected Plaintiff to actionable emotional distress;

(5) Whether Defendant negligently subjected Plaintiff to actionable emotional distress;

(6) Whether Defendant acted with malice;

(7) Whether Plaintiff may recover punitive damages from Defendant;

(8) Whether Plaintiff's claims are barred by the applicable statutes of limitation;

(9) Whether Defendant is entitled to immunity 49 U.S.C. §508 and the applicable DOT regulations.

**4. Motions**

Plaintiff: Mr. Mitchell anticipates filing a motion for summary judgment and/or summary of adjudication of issues. Mr. Mitchell also contends that he is entitled to FCRA protection. The purpose of the FCRA is to enable individuals to protect themselves against the dissemination of inaccurate or misleading information bearing on their credit-worthiness or employability. (*Dickison v. Wal-Mart Stores, Inc.* 2006 WL 1371653 (D.Or. 2006) *citing Guimond v. Trans Union Credit Info. Co.*, 45 F. 3d 1329, 1333 (9th Cir. 1995).)

Additionally, the broad interpretation of a "consumer reporting agency" under the FCRA includes Oak Harbor. The FCRA has been held to apply to reports of consumers' employment eligibility, State Motor Vehicle Department records, employment agencies' reports, and even university

career and placement offices' mailings of reference letters. (*Hodge v. Texaco, Inc.* 975 F.2d 1093, 1095 (5th Cir. 1992) *citing Comeaux v. Brown & Williamson Tobacco Co.,* 915 F.2d 1264 (9th Cir. 1990).) Furthermore, the Federal Trade Commission ("FTC") has declared that "Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission" are subject to the F.C.R.A. (*See "A Summary of Your Rights Under the Fair Credit Reporting Act (As Provided by the Federal Trade Commission),"* Appendix A to Part 601 – Prescribed Summary of Consumer Rights, FTC REV 11/19/2004.) Thus, false reports of Mr. Mitchell's employment record are encapsulated within the scope of the accepted meaning.

<u>Defendant</u>: On January 11, 2008, Defendant notified Plaintiff's counsel that it intends to file a motion for judgment on the pleadings on the grounds that Plaintiff does not allege (and cannot in good faith allege) that Defendant is a "consumer reporting agency" subject to the provisions of the FCRA. Defendant anticipates that Plaintiff will dismiss his FCRA claim. Because the FCRA is the only basis for federal court jurisdiction, Defendant further anticipates that Plaintiff will dismiss this action in its entirety.

If Plaintiff does not dismiss this action, Defendant will file a motion for judgment on the pleadings. Defendant has also notified Plaintiff, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), that Defendant will file a motion for sanctions against Plaintiff and her counsel if the FCRA claim is not withdrawn.

**5.    Amendment of Pleadings**

Defendant filed its First Amended Answer on January 10, 2008 to include defenses based on the privilege provisions of 49 U.S.C. §508 and the applicable DOT regulations, as well as the express statutory language of the FCRA, 15 U.S.C. §1681. Mr. Mitchell intends to amend his complaint to include intentional interference with prospective economic advantage and requests leave to do so up to and including February 15, 2008.

**6.     Evidence Preservation**

<u>Plaintiff</u>: Mr. Mitchell believes there may be the preservation of evidence issues for the following items:

(1)     Mr. Mitchell's request for a "split test." (The right to request another test within 72 hours if one tests positive for a drug test. *(See Federal Motor Carrier Safety Regulations Pocketbook § 40.171).*)

(2)     The written letter from Mr. Mitchell's physician to the testing lab.

(3)     Defendant's submission of **all** materials (including but not limited to documents that were later to be amended) to the California Unemployment Insurance Appeals Board during the administrative hearing.

<u>Defendant</u>: Defendant has begun the process of gathering evidence, and does not anticipate any issues with respect to evidence preservation.

**7.     Disclosures**

The parties have not yet made their initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure ("FRCP"). The parties have filed a stipulation with the court to extend the time for exchange of initial disclosures until February 15, 2008.

**8.     Discovery**

<u>Plaintiff</u>: Discovery has not yet commenced in this action.

A.     The parties do not agree to any limitations or modifications of the discovery rules.

B.     Mr. Mitchell anticipates using requests for production of documents, interrogatories, and requests for admission, to discover information about:

1)  Reliability of drug testing procedures utilized by Defendant and those it seeks assistance from to accomplish the task;

2)  Accuracy of information resulting from Defendant's drug testing procedures;

3) Defendant's procedure for a "split test." (The right to request another test within 72 hours if one tests positive for a drug test. *(See Federal Motor Carrier Safety Regulations Pocketbook § 40.171.)*);

4) Defendant's dissemination of information regarding Mr. Mitchell's driving record, employment history, and drug test results;

5) Defendant's company records pertaining to Mr. Mitchell, including but not limited to all of his drug test results and his employment performance.

Mr. Mitchell opposes Defendant's request to extend the time limit for Mr. Mitchell's deposition and believes that FRCP Rule 30(d)(1) is sufficient to abide by.

Defendant: Defendant proposes the following discovery plan pursuant to FRCP 26(f):

A.  Defense counsel received the file on this matter in January 2008, and has yet to fully investigate the facts of this case. Defendants request a discovery completion date in December 2008.

B.  Discovery will be needed on the following subjects: The parties will need to conduct discovery into the facts and evidence normally at issue in this type of action, including all facts and/or evidence that supports, refutes or relates in any way to the allegations of the Complaint. This will include the events alleged in the Complaint, as well as Plaintiff's alleged economic and emotional damages.

C.  Discovery does not need to be conducted in phases nor limited to particular issues.

D.  Defendant proposes that the number of interrogatories allowed to each party under the Federal Rules of Civil Procedure be expanded to 50.

E.  Defendant proposes that the time limit for Plaintiff's deposition under the Federal Rules of Civil Procedure be expanded to permit 2 days of deposition, with a limit of 7 hours for each day of deposition (excluding reasonable breaks during the deposition for lunch and other reasons).

**9.  Class Actions**

Not applicable.

**10.     Related Cases**

None.

**11.     Relief**

<u>Plaintiff</u>: Mr. Mitchell claims:

A.  Economic damages based on lost wages and benefits exceeding $381,000 with the exact amount to be determined at trial;

B.  Non-economic damages for mental and emotional distress in excess of $100,000;

C.  Punitive and exemplary damages;

D.  Compensation for the costs of this lawsuit, including reasonable attorneys' fees;

E.  Further relief as the Court deems just and proper.

**12.     Settlement and ADR**

Both parties agree on early mediation with a magistrate judge as an ADR option.

**13.     Consent to Magistrate Judge for all Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References**

Not applicable.

**15.     Narrowing of issues**

None.

**16.     Expedited Schedule**

Not applicable.

**17.     Scheduling**

Parties agree to the following schedule:

November 17, 2008: Last Day for Non-Expert Discovery.

December 22, 2008: Deadline for Expert Disclosures.

January 6, 2009: Last Day to Hear Dispositive Motions.

January 16, 2009: Last Day for Expert Discovery.

February 17, 2009: Pretrial Conference.

February 23, 2009: Trial Date.

**18.  Trial**

<u>Plaintiff</u>: Mr. Mitchell has requested a trial by jury. Mr. Mitchell anticipates that trial in this matter will take 8-10 days.

<u>Defendant</u>: Plaintiff has requested a trial by jury. The parties anticipate that trial in this matter will take 4-7 days.

**19.  Disclosure of Non-party Interested Entities or Persons**

Not applicable.

**20.  Other Matters**

None.

Dated:  January 15, 2008                           PRICE AND ASSOCIATES


  /s/ Pamela Y. Price
Pamela Y. Price, Attorneys for WILLIE L. MITCHELL


Dated:  January 15, 2008                           THE ISON LAW GROUP


  /s/ Elizabeth R. Ison
Elizabeth R. Ison,
Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Elizabeth Ison.

Dated:  January 15, 2008                           PRICE AND ASSOCIATES

/s/ Pamela Y. Price
Pamela Y. Price, Attorneys for WILLIE L. MITCHELL