1  ELIZABETH R. ISON, State Bar No. 138382
   THE ISON LAW GROUP
2  3220 M Street
   Sacramento, CA 95816-5231
3  Telephone: (916) 492-6555
   Facsimile:  (916) 492-6556
4  Email: eison@theisonlawgroup.com

5  Attorney for Defendant
   OAK HARBOR FREIGHT LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIE L. MITCHELL, | ) | CASE NO.: 4:07-CV-04388-CW |
|---|---|---|
| Plaintiff, | ) ) ) | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| v. | ) ) | |
| OAK HARBOR FREIGHT LINES, INC., | ) ) | Date: March 18, 2008 Time: 2:00 p.m. |
| Defendant. | ) ) ) ) ) | Judge: Honorable Claudia Wilken |

Plaintiff WILLIE L. MITCHELL ("Plaintiff") and Defendant OAK HARBOR FREIGHT LINES, INC. ("Defendant") hereby jointly submit the following Case Management Statement:[1]

**1.  Jurisdiction and Service**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff's First Claim for Relief alleges a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. The court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28

---

[1] This document contains Defendant's portion of the joint case management conference statement. The parties have settled this case. Defendant anticipates that a stipulation for dismissal will be filed prior to the case management conference. Defendant has encouraged Plaintiff to either file a notice of settlement or execute a stipulation for dismissal in advance of the deadline for this joint case management conference statement. Defendant has also attempted to meet and confer with Plaintiff on the contents of the joint case management conference statement. Plaintiff has not responded. Accordingly, Defendant submits this statement unilaterally, in a good faith effort to comply with the court's order pending the filing of the stipulation for dismissal.

JOINT CASE MANAGEMENT                    -1-                              {00079401. 1}
STATEMENT AND PROPOSED
ORDER

U.S.C. §1367.

All parties have been served.

**2. Facts**

Defendant: From 2000-2004, Plaintiff worked for Defendant as a professional truck driver. Thereafter, Plaintiff sought and obtained truck driving positions with various other companies. Plaintiff alleges that Defendant intentionally provided false and misleading information to Plaintiff's prospective employers about his work record during his employment at Defendant. Specifically, Plaintiff alleges that Defendant falsely reported that Plaintiff: (a) was involved in an accident in April 2004 (in Georgia), and (b) tested positive for marijuana use. Plaintiff further alleges that Defendant's conduct damaged Plaintiff, in the form of lost job opportunities and emotional distress.

Defendant denies Plaintiff's allegations. Defendant is not a "consumer reporting agency" subject to the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA"). Additionally, as a motor carrier operating in interstate commerce, Defendant is obligated to maintain driver qualification and safety records, and to respond to inquiries from prospective employers concerning driver safety performance records. At all times, Defendant has complied with its legal obligations as established the Department of Transportation ("DOT"). Defendant has maintained accurate driver records, and made those records available to prospective employers as specifically mandated by the DOT.

**3. Legal Issues**

Defendant: Defendant anticipates the following issues will be litigated in this action:

(1)  Whether Plaintiff has stated a claim upon which relief can be granted;

(2)  Whether Defendant is a "consumer reporting agency" within the definition of the FCRA;

(3)  Whether Defendant violated 15 U.S.C. §1681;

(4)  Whether Defendant intentionally subjected Plaintiff to actionable emotional distress;

(5)  Whether Defendant negligently subjected Plaintiff to actionable emotional distress;

(6) Whether Defendant acted with malice;

(7) Whether Plaintiff may recover punitive damages from Defendant;

(8) Whether Plaintiff's claims are barred by the applicable statutes of limitation;

(9) Whether Defendant is entitled to immunity 49 U.S.C. §508 and the applicable DOT regulations.

**4. Motions**

Defendant States: On January 11, 2008, Defendant notified Plaintiff's counsel that it intends to file a motion for judgment on the pleadings on the grounds that Plaintiff does not allege (and cannot in good faith allege) that Defendant is a "consumer reporting agency" subject to the provisions of the FCRA. Defendant anticipates that Plaintiff will dismiss his FCRA claim. Because the FCRA is the only basis for federal court jurisdiction, Defendant further anticipates that Plaintiff will dismiss this action in its entirety.

If Plaintiff does not dismiss this action, Defendant will file a motion for judgment on the pleadings. Defendant has also notified Plaintiff, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), that Defendant will file a motion for sanctions against Plaintiff and her counsel if the FCRA claim is not withdrawn.

**5. Amendment of Pleadings**

Defendant filed its First Amended Answer on January 10, 2008 to include defenses based on the privilege provisions of 49 U.S.C. §508 and the applicable DOT regulations, as well as the express statutory language of the FCRA, 15 U.S.C. §1681. Mr. Mitchell intends to amend his complaint to include intentional interference with prospective economic advantage and requests leave to do so up to and including February 15, 2008.

**6. Evidence Preservation**

Defendant: Defendant has begun the process of gathering evidence, and does not anticipate any issues with respect to evidence preservation.

**7. Disclosures**

The deadline for initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure ("FRCP") was February 15, 2008. Defendant prepared and served timely disclosures.

1  Plaintiff has yet to serve initial disclosures.

2  **8.   Discovery**

3  Defendant: Defendant proposes the following discovery plan pursuant to FRCP 26(f):

4  Discovery will be needed on the following subjects: The parties will need to conduct
5  discovery into the facts and evidence normally at issue in this type of action, including all facts
6  and/or evidence that supports, refutes or relates in any way to the allegations of the Complaint.
7  This will include the events alleged in the Complaint, as well as Plaintiff's alleged economic and
8  emotional damages.

9  Discovery does not need to be conducted in phases nor limited to particular issues.

10  Defendant proposes that the number of interrogatories allowed to each party under the
11  Federal Rules of Civil Procedure be expanded to 50.

12  Defendant proposes that the time limit for Plaintiff's deposition under the Federal Rules of
13  Civil Procedure be expanded to permit 2 days of deposition, with a limit of 7 hours for each day of
14  deposition (excluding reasonable breaks during the deposition for lunch and other reasons).

15  **9.   Class Actions**

16  Not applicable.

17  **10.  Related Cases**

18  None.

19  **11.  Relief**

20  Not applicable.

21  **12.  Settlement and ADR**

22  Both parties agree on early mediation with a magistrate judge as an ADR option.

23  **13.  Consent to Magistrate Judge for all Purposes**

24  The parties do not consent to have a magistrate judge conduct all further proceedings
25  including trial and entry of judgment.

26  **14.  Other References**

27  Not applicable.

28

JOINT CASE MANAGEMENT             -4-                           {00079401. 1}
STATEMENT AND PROPOSED
ORDER

**15.    Narrowing of Issues**

None.

**16.    Expedited Schedule**

Not applicable.

**17.    Scheduling**

Parties agree to the following schedule:

November 17, 2008:  Last Day for Non-Expert Discovery

December 22, 2008:  Deadline for Expert Disclosures

January 6, 2009:  Last Day to Hear Dispositive Motions

January 16, 2009:  Last Day for Expert Discovery

February 17, 2009:  Pretrial Conference

February 23, 2009:  Trial Date.

**18.    Trial**

<u>Defendant States</u>:  Plaintiff has requested a trial by jury.  The parties anticipate that trial in this matter will take 4-7 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Not applicable.

**20.    Other Matters**

None.

Dated:  March 11, 2008                                      THE ISON LAW GROUP

                                                                              /s/ Elizabeth R. Ison
                                                                            Elizabeth R. Ison
                                                                            Attorney for Defendant
                                                                            OAK HARBOR FREIGHT LINES, INC.

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER                -5-                                        {00079401. 1}