1  ELIZABETH R. ISON, State Bar No. 138382
   THE ISON LAW GROUP
2  3220 M Street
   Sacramento, CA 95816-5231
3  Telephone:  (916) 492-6555
   Facsimile:   (916) 492-6556
4  Email:  eison@theisonlawgroup.com

5  Attorney for Defendant
   OAK HARBOR FREIGHT LINES, INC.
6

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| WILLIE L. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>OAK HARBOR FREIGHT LINES, INC.,<br><br>    Defendant. | CASE NO.:  4:07-CV-04388-CW<br><br>**DEFENDANT OAK HARBOR FREIGHT LINES' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[F.R.C.P. Rule 12(c)]<br><br>**Date:  TBD**<br>**Time:  TBD**<br>**Courtroom: 2**<br>**Judge: Honorable Claudia Wilken**<br>**Trial Date:  April 20, 2009** |

19      PLEASE TAKE NOTICE that Defendant Oak Harbor Freight Lines, Inc. ("Oak Harbor")

20 will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(c), for an Order:

21      (1)     Dismissing, with or without prejudice, Plaintiff Willie L. Mitchell's first claim for

22 relief for violation of the Fair Credit Reporting Act ("FCRA") on the grounds that Oak Harbor is

23 not a "consumer reporting agency" subject to the provisions of the FCRA; and,

24      (2)     Dismissing, with or without prejudice, Plaintiff's second claim for relief

25 (intentional infliction of emotional distress) and third claim for relief (negligent infliction of

26 emotional distress) on the grounds that: (a) this Court does not have supplemental jurisdiction

27 over these state law claims once the federal FCRA claim is dismissed; and, (b) these claims are

28 barred by the state law doctrine of workers' compensation exclusivity.

DEFENDANT'S NOTICE OF MOTION            -1-                            {00080014. 1}
FOR JUDGMENT ON THE PLEADINGS
CASE NO.: 4:07-CV-04388-CW

1 | This Motion is brought on the grounds that, based on the allegations set forth in Plaintiff's complaint (the "Complaint"), and those facts of which the Court may take judicial notice, each of the above claims fail as a matter of law. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other files herein, and such other written and oral argument as may be presented to the Court.

Dated: April 21, 2008                                    THE ISON LAW GROUP


By: /s/ Elizabeth R. Ison
       ELIZABETH R. ISON

Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

DEFENDANT'S NOTICE OF MOTION                    -2-                           {00080014. 1}
FOR JUDGMENT ON THE PLEADINGS
CASE NO.: 4:07-CV-04388-CW

ELIZABETH R. ISON, State Bar No. 138382
THE ISON LAW GROUP
3220 M Street
Sacramento, CA 95816-5231
Telephone: (916) 492-6555
Facsimile:  (916) 492-6556
Email: eison@theisonlawgroup.com

Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. MITCHELL,<br><br>                Plaintiff,<br><br>        v.<br><br>OAK HARBOR FREIGHT LINES, INC.,<br><br>                Defendant. | CASE NO.: 3:07-CV-04388-MJJ<br><br>**DEFENDANT OAK HARBOR FREIGHT LINES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[F.R.C.P. Rule 12(c)]<br><br>**Date:  TBD**<br>**Time:  TBD**<br>**Courtroom: 2**<br>**Judge: Honorable Claudia Wilken**<br>**Trial Date: April 20, 2009** |

## I.     INTRODUCTION

This action arises from the employment of Plaintiff, Willie L. Mitchell ("Plaintiff"), by Defendant Oak Harbor Freight Lines, Inc. ("Oak Harbor"), his former employer. Plaintiff alleges that Oak Harbor provided false information to a third party regarding a drug test such that Plaintiff was unable to obtain employment for which he applied, thereby causing him to suffer emotional distress.

Plaintiff alleges three claims for relief: violation of the Fair Credit Reporting Act ("FCRA"), intentional infliction of emotional distress and negligent infliction of emotional distress. Because Oak Harbor is not a credit reporting agency subject to the provisions of the

1  FCRA, judgment should be entered in favor of Oak Harbor on Plaintiff's FCRA claim. In
2  addition, Plaintiff's claims for emotional distress are subject to the doctrine of workers'
3  compensation exclusivity such that judgment in favor of Oak Harbor should likewise be entered
4  on these claims.

## II.   FACTUAL ALLEGATIONS

The Complaint alleges that Plaintiff accepted a position at Oak Harbor as a professional truck driver in March 2000. (Complaint, ¶ 9). Oak Harbor terminated Plaintiff's employment in or about October 2004 when Plaintiff tested positive for marijuana use during a routine drug screening. (Complaint, ¶ 11).

Following his termination from Oak Harbor, Plaintiff sought and obtained various positions in the trucking industry. (Complaint, ¶¶ 13-15). Plaintiff alleges that, commencing in March 2006, he received five rejections from different trucking companies based on information obtained from Verifications, Inc. – a reporting agency. (Complaint, ¶ 15). Specifically, Plaintiff alleges that Oak Harbor provided "false" information to Verifications, Inc. concerning Plaintiff's positive drug test, as well as "false" information concerning an April 2004 accident. (Complaint, ¶ 15). Plaintiff alleges that the "false" information provided by Oak Harbor to Verifications, Inc., has prevented him from working as a truck driver from March 2006 to the present. (Complaint, ¶ 15).

## III.  LAW AND ARGUMENT

### A.   Judgment On The Pleadings Is Proper In This Case.

A motion for judgment on the pleadings challenges the legal sufficiency of the pleadings and is governed by Federal Rule of Civil Procedure 12(c). The standard for granting judgment on the pleadings under Rule 12(c) is similar to that applied in evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Diem v. City and County of San Francisco*, 686 F.Supp. 806, 808 (N.D. Cal. 1988).

Judgment on the pleadings is appropriate when, assuming all facts alleged in the complaint can be proven, the moving party is entitled to judgment as a matter of law. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court need

DEFENDANT'S MEMORANDUM OF           -2-                              {00080015. 1}
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS

not, however, accept as true those allegations that are: (1) conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact or unreasonable inferences; (2) are contradicted by documents referred to in the complaint; or (3) internally inconsistent with the rest of the Complaint. *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Judgment on the pleadings is proper in this case because, assuming all facts properly alleged in the Complaint are true, Plaintiff cannot state any valid claim for relief.

**A.  Oak Harbor Is Not A "Consumer Reporting Agency" Covered By The FCRA.**

Plaintiff's first claim for relief alleges that Oak Harbor violated FCRA, Title 15 U.S.C. § 1681, by disseminating "false and misleading information" about Plaintiff's "driving record and employment history . . ." (Complaint, ¶ 20). Plaintiff's first claim for relief fails as a matter of law because Oak Harbor is not a consumer reporting agency to which the FCRA is applicable.

A valid FCRA claim requires, among other things, allegations and proof that: (1) a consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury. *See*, *e.g.*, *Whelan v. Trans Union Credit Reporting Agency*, 862 F.Supp. 824 (E.D.N.Y. 1994).

Plaintiff's complaint fails to allege facts that, if taken as true, would satisfy his burden of proof on each of these elements. For purposes of this motion, however, the primary issue is the applicability of the FCRA — Plaintiff cannot in good faith allege the facts necessary to support his conclusory assertion that Oak Harbor is a "consumer reporting agency" subject to the FCRA.

The FCRA defines the term "consumer reporting agency" as:

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which

    uses any means or facility of interstate commerce for the purpose of
    preparing or furnishing consumer reports.

Title 15 U.S.C. § 1681a.

  The Complaint alleges that Oak Harbor is a "licensed interstate hauling transportation carrier," (Complaint ¶ 4), and that Plaintiff worked for Oak Harbor a commercial truck driver. (Complaint ¶ 7). Although Plaintiff makes a conclusory allegation that Oak Harbor is a "consumer reporting agency," this allegation is internally inconsistent with the other facts alleged in the Complaint. Plaintiff fails to allege any of the facts necessary to support a conclusion that Oak Harbor is a "consumer reporting agency." Specifically, there is no allegation that Oak Harbor is in the business of assembling or evaluating consumer credit information, or that Oak Harbor has ever engaged in such activities for the purpose of disseminating credit information to third parties. Any such allegation would be frivolous on its face. As a trucking company and Plaintiff's former employer, Oak Harbor is simply not a "consumer reporting agency" as defined by statute. *See*, *e.g.*, *Peller v. Retail Credit Co.*, 359 F.Supp. 1235 (N.D. Ga. 1973) (an employer is not a "consumer reporting agency" under the FCRA). Only a "consumer reporting agency," as defined by the FCRA, can be held liable for a FCRA violation. *See Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982), citing *Belshaw v. Credit Bureau of Prescott*, 392 F.Supp. 1356 (D. Az. 1975).

  Because Oak Harbor is not a consumer reporting agency within the meaning of the FCRA, Plaintiff's first claim for relief fails as a matter of law and judgment on the pleadings should be granted in favor of Oak Harbor.

  **B. Plaintiff's State Law Claims Are Barred By Workers' Compensation Exclusivity**

  Plaintiff's second and third claims for relief for intentional and negligent infliction of emotional distress are barred by the doctrine of workers' compensation exclusivity. The California Workers' Compensation Act provides the exclusive remedy for alleged emotional injuries arising from the employment relationship. *See Livitsanos v. Superior Court* 2 Cal.4th 744 (1992) (claims for intentional and negligent infliction of emotional distress barred by

DEFENDANT'S MEMORANDUM OF   -4-   {00080015. 1}
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS

Workers' Compensation Act even where no physical injury is alleged); *Shoemaker v. Myers* 52 Cal. 3d 1 (1990) (intentional infliction of emotional distress claim barred where employer's conduct was reasonably encompassed within employment relationship); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal. 3d 148, 151 (1987); Cal. Lab. Code § 3600, *et seq*.

The California Supreme Court has stated that the threshold inquiry when examining the preclusive effect of the exclusivity provisions of the Workers' Compensation Act is whether the employer's conduct "contravenes fundamental public policy" or "exceeds the risks inherent in the employment relationship." *Livitsanos*, 2 Cal. 4th at 815. As explained in *Shoemaker*, *supra*:

> To the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of fundamental public policy, but rather directed at the intentional, malicious aspects of defendants' conduct ("'to cause [plaintiff] as much grief as possible'"), then plaintiff has alleged no more than the plaintiff in *Cole v. Fair Oaks Fire Protection Dist.* [citation omitted], i.e., that the employer's conduct caused him to suffer personal injury resulting in physical disability. *Cole* therefore controls. The kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions.

*Shoemaker*, 52 Cal. 3d at 25.

The decision in *Cole* also provides guidance as to the quantum of "intentional" conduct which is regarded as a normal incident of the employment relationship. In *Cole*, the supervisor demoted the plaintiff, falsely accused him of dishonesty, and harassed him because of his union activities. As a result of this "unreasonable stress and pressure," the plaintiff suffered severe emotional and physical effects, including a severely disabling stroke. *Cole*, 43 Cal. 3d at 152. Despite the apparently egregious nature of the supervisor's conduct, the California Supreme Court still found such conduct to be a normal incident of the employment relationship, and held that the plaintiff's emotional injuries could only be remedied, if at all, exclusively within the workers' compensation system. *See Cole*, 43 Cal. 3d at 148.

1  Plaintiff's allegations pale in comparison to the facts of *Cole* and require the same
2  result. The act that allegedly caused Plaintiff's emotional distress (disclosing Plaintiff's drug test
3  results and accident history) was clearly within the scope of the employment relationship and,
4  thus, within the scope of the workers' compensation bargain. To the extent Plaintiff suffered any
5  emotional injury arising from the actions of Oak Harbor, as alleged by Plaintiff, workers'
6  compensation is his exclusive remedy.

7  Because Plaintiff's injuries, as alleged in his second and third claims for relief, are
8  barred by the doctrine of workers' compensation exclusivity, judgment on the pleadings should
9  be entered in favor of Oak Harbor. In addition, because Plaintiff cannot allege facts sufficient to
10 take his claims outside of the workers' compensation bargain, Plaintiff's second and third claims
11 for relief should be dismissed.

12 **D.   This Court Should Dismiss Plaintiff's Remaining State Law Claims**

13 Plaintiff asserts that this court has supplemental jurisdiction over his state law tort
14 claims (his second and third claims for relief) pursuant to Title 28 U.S.C. section 1367. For the
15 reasons stated above, these claims fail as a matter of law. However, in the event the Court does
16 not agree with Oak Harbor's position in regard to the preclusive effect of workers' compensation
17 exclusivity, Oak Harbor requests that this Court decline to exercise its supplemental jurisdiction
18 of these claims and dismiss them such that Plaintiff must pursue them in state court.

19 A court may decline to exercise supplemental jurisdiction over related state-law
20 claims once it has "dismissed all claims over which it has original jurisdiction." *Ove v. Gwinn*,
21 264 F.3d 817, 826 (9th Cir. 2001), *quoting* Title 28 U.S.C. § 1367(c)(3). Assuming this court
22 dismisses Plaintiff's FCRA claim, as it should for the reasons set forth herein, this Court should
23 decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Although this
24 Court is certainly qualified to evaluate the evidence and legal standards applicable to Plaintiff's
25 state law claims, there is no compelling reason why it should do so. The case has not progressed
26 substantially in this Court such that any interest, e.g. efficiency, would be served by having this
27 Court adjudicate this dispute. Oak Harbor therefore respectfully requests that this Court decline
28 to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

DEFENDANT'S MEMORANDUM OF          -6-                                    {00080015. 1}
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS

**IV.   CONCLUSION**

Oak Harbor is not a consumer reporting agency within the meaning of the FCRA. Plaintiff's claims are subject to the doctrine of workers' compensation exclusivity. For these reasons, Defendant Oak Harbor Freight Lines, Inc., respectfully requests that the Court grant its motion for judgment on the pleadings in its entirety.

Dated:  April 21, 2008                                      THE ISON LAW GROUP


By:  /s/ Elizabeth R. Ison
         ELIZABETH R. ISON

Attorney for Defendant
OAK HARBOR FREIGHT LINES, INC.

DEFENDANT'S MEMORANDUM OF           -7-                              {00080015. 1}
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS

1  ELIZABETH R. ISON, State Bar No. 138382
   THE ISON LAW GROUP
2  3220 M Street
   Sacramento, CA 95816-5231
3  Telephone: (916) 492-6555
   Facsimile:  (916) 492-6556
4  Email: eison@theisonlawgroup.com

5  Attorney for Defendant
   OAK HARBOR FREIGHT LINES, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| WILLIE L. MITCHELL, | CASE NO.: 4:07-CV-04388-CW |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT OAK HARBOR FREIGHT LINES' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| OAK HARBOR FREIGHT LINES, INC., | [F.R.C.P. Rule 12(c)] |
| Defendant. | **Date: TBD**<br>**Time: TBD**<br>**Courtroom: 2**<br>**Judge: Honorable Claudia Wilken**<br>**Trial Date: April 20, 2009** |

19    Defendant Oak Harbor Freight Lines, Inc. ("Oak Harbor") filed its Motion for Judgment

20 on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and this Court

21 took the matter under submission.

22    The Court, after considering the papers in support of and in opposition to the motion, the

23 authorities submitted by counsel, and all other matters presented to the Court,

24    HEREBY ORDERS THAT:

25    1.    Oak Harbor's Motion for Judgment on the Pleadings is granted with leave to amend

26 for the following reasons:

27

28

PROPOSED ORDER GRANTING                -1-                              {00080016. 1}
DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO.: 4:07-CV-04388-CW

1         a.     Plaintiff's first claim for relief alleges that Oak Harbor violated the Fair
2 Credit Reporting Act ("FCRA"), Title 15 U.S.C. § 1681, by disseminating "false and misleading
3 information" about Plaintiff's "driving record and employment history . . . ." (Complaint, ¶ 20).
4 A valid FCRA claim requires, among other things, allegations and proof that: (1) a consumer
5 reporting agency failed to follow reasonable procedures to assure the accuracy of its reports;
6 (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the
7 consumer reporting agency's failure caused the plaintiff's injury. *See*, *e.g.*, *Whelan v. Trans*
8 *Union Credit Reporting Agency*, 862 F.Supp. 824 (E.D.N.Y. 1994).

9         On its face, plaintiff Willie Mitchell's ("Plaintiff's") Complaint alleges
10 that Oak Harbor is an interstate hauling/transportation carrier (Complaint ¶ 4), and that Plaintiff
11 was employed by Oak Harbor as a Class A Commercial Truck Driver. (Complaint ¶ 7). These
12 allegations contradict the conclusory allegation that Oak Harbor is a "consumer reporting
13 agency" as defined above. The Complaint fails to allege that Oak Harbor is in the business of
14 assembling or evaluating consumer credit information, or that Oak Harbor has ever engaged in
15 such activities for the purpose of disseminating credit information to third parties. Judgment on
16 the pleadings is appropriate when, assuming all facts alleged in the complaint can be proven, the
17 moving party is entitled to judgment as a matter of law. *See Hal Roach Studios v. Richard*
18 *Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court need not, however, accept as true
19 those allegations that are: (1) conclusory allegations of law, mere legal conclusions, unwarranted
20 deductions of fact or unreasonable inferences; (2) are contradicted by documents referred to in
21 the complaint; or (3) internally inconsistent with the rest of the Complaint. *Shwarz v. U.S.*, 234
22 F.3d 428, 435 (9th Cir. 2000); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v.*
23 *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

24         Read as a whole, the Complaint reveals that Oak Harbor's alleged conduct
25 – disclosing drug test results and accident history information – occurred in its role as Plaintiff's
26 employer. Such conduct by an employer cannot support a FCRA claim. *See*, *e.g.*, *Peller v.*
27 *Retail Credit Co.*, 359 F.Supp. 1235 (N.D. Ga. 1973) (an employer is not a "consumer reporting
28 agency" under the FCRA); *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982) (only

1  a "consumer reporting agency," as defined by the FCRA, can be held liable for a FCRA violation).

3    b.  Plaintiff's second and third claims for relief for intentional and negligent infliction of emotional distress are barred by the doctrine of workers' compensation exclusivity. The face of the Complaint reveals that Oak Harbor's alleged conduct – disclosure of the results of an employment-related drug test and Plaintiff's accident history – was conduct within the scope of the employment relationship and, thus, within the scope of the workers' compensation bargain.  The California Workers' Compensation Act provides the exclusive remedy for alleged emotional injuries arising from the employment relationship.  *See Livitsanos v. Superior Court* 2 Cal. 4th 744 (1992) (claims for intentional and negligent infliction of emotional distress barred by Workers' Compensation Act even where no physical injury is alleged); *Shoemaker v. Myers* 52 Cal. 3d 1 (1990) (intentional infliction of emotional distress claim barred where employer's conduct was reasonably encompassed within employment relationship); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal. 3d 148, 151 (1987); Cal. Lab. Code § 3600, *et seq*.

    c.  Alternatively, this Court declines to exercise supplemental jurisdiction over Plaintiff's second and third claims for relief pursuant to Title 28 U.S.C. section 1367.  A court may decline to exercise supplemental jurisdiction over related state-law claims once it has "dismissed all claims over which it has original jurisdiction."  *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001), *quoting* Title 28 U.S.C. § 1367(c)(3).  For the reasons set forth above, this Court will dismiss Plaintiff's federal FCRA claim, and therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

DATED: _____, 2008

_____
The Honorable Claudia Wilken, U.S. District Judge

PROPOSED ORDER GRANTING            -3-                                {00080016.1}
DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO.: 4:07-CV-04388-CW