FILED

APR 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL                    ,

                    Plaintiff,

        v.

OAK HARBOR FREIGHT LINES
                              ,

                    Defendants.

_____/

No. C 07-4388 CW

ORDER PROVIDING
NOTICE TO PRO SE
PLAINTIFF OF
REQUIREMENTS FOR
OPPOSING MOTION
FOR SUMMARY
JUDGMENT

        Defendants have informed the Court of their intention to file
a summary judgment motion in this case.  If Defendants choose to
file the motion, they must do so by serving Plaintiff with a notice
of the motion and a copy of the motion, indicating the time of the
scheduled hearing on the motion.  They must do so at least 35 days
before the date of the hearing.  Plaintiff's opposition, including
any supporting documents, must be filed by 21 days before the date
of the hearing.  Defendants' reply to Plaintiff's opposition,
should they choose to file one, is due 14 days before the hearing.

        The Ninth Circuit in Klingele v. Eikenberry, 849 F.2d 409,
411-12 (9th Cir. 1988), held that when a defendant in a case
involving a pro se plaintiff moves for summary judgment, the
district court must inform the plaintiff of his or her rights and

United States District Court
For the Northern District of California

(3/99)

1  obligations under Rule 56 of the Federal Rules of Civil Procedure.

2  See also Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc)

3  (the Klingele notice must be phrased in understandable language

4  aimed at apprising plaintiff of rights and obligations under Rule

5  56).[1]

6      Rule 56 of Federal Rule of Civil Procedure governs summary

7  judgment motions.  A summary judgment motion is a request for an

8  order of judgment, **without a trial**, in favor of the party bringing

9  the motion, Defendants here.  In such a motion, the party moving

10  for summary judgment presents the facts that are not disputed and

11  argues that these facts entitle it to judgment as a matter of law.

12  In other words, Defendants will be arguing that there does not need

13  to be a trial in the case against it because undisputed facts show

14  ─────────────────────

15  [1]The advice required by the 9th Circuit in prisoner pro se cases is as
   follows:

16      The defendants have made a motion for summary judgment by which they

17  seek to have your case dismissed.  A motion for summary judgment under
   Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
   case.

18      Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there

19  is no genuine issue of material fact--that is, if there is no real dispute
   about any fact that would affect the result of your case, the party who

20  asked for summary judgment is entitled to judgment as a matter of law,
   which will end your case.  When a party you are suing makes a motion for

21  summary judgment that is properly supported by declarations (or other
   sworn testimony), you cannot simply rely on what your complaint says.

22  Instead, you must set out specific facts in declarations, depositions,
   answers to interrogatories, or authenticated documents, as provided in

23  Rule 56(e), that contradict the facts shown in the defendant's
   declarations and documents and show that there is a genuine issue of

24  material fact for trial.  If you do not submit your own evidence in
   opposition, summary judgment, if appropriate, may be entered against you.

25  If summary judgment is granted, your case will be dismissed and there will
   be no trial.

26  Rand, 154 F.3d at 963.

27

28

2

United States District Court

For the Northern District of California

1    that they are entitled to a judgment in their favor.

2        The relevant parts of Rule 56 are as follows:

3            (c) Motion and Proceedings Thereon.  The motion shall
     be served at least 10 days before the time fixed for the
4    hearing.  The adverse party prior to the day of hearing
     may serve opposing affidavits.  The judgment sought shall
5    be rendered forthwith if the pleadings, depositions,
     answers to interrogatories, and admissions on file,
6    together with the affidavits, if any, show that there is
     no genuine issue as to any material fact and that the
7    moving party is entitled to a judgment as a matter of law.
     A summary judgment, interlocutory in character, may be
8    rendered on the issue of liability alone although there is
     a genuine issue as to the amount of damages.
9
         . . . .
10

11            (e) Form of Affidavits; Further Testimony; Defense
     Required.  Supporting and opposing affidavits shall be
12   made on personal knowledge, shall set forth such facts as
     would be admissible in evidence, and shall show
13   affirmatively that the affiant is competent to testify to
     the matters stated therein.  Sworn or certified copies of
14   all papers or parts thereof referred to in an affidavit
     shall be attached thereto or served therewith.  The court
15   may permit affidavits to be supplemented or opposed by
     depositions, answers to interrogatories, or further
16   affidavits.  When a motion for summary judgment is made
     and supported as provided in this rule, an adverse party
17   may not rest upon the mere allegations or denials of the
     adverse party's pleading, but the adverse party's
18   response, by affidavits or as otherwise provided in this
     rule, must set forth specific facts showing that there is
19   a genuine issue for trial.  <u>If the adverse party does not
     so respond, summary judgment, if appropriate, shall be
20   entered against the adverse party.</u>

21       . . . .

22            (g) Affidavits Made in Bad Faith.  Should it appear
     to the satisfaction of the court at any time that any of
23   the affidavits presented pursuant to this rule are
     presented in bad faith or solely for the purpose of delay,
24   the court shall forthwith order the party employing them
     to pay to the other party the amount of the reasonable
25   expenses which the filing of the affidavits caused the
     other party to incur, including reasonable attorney's
26   fees, and any offending party or attorney may be adjudged
     guilty of contempt.

27   Rule 56 (emphasis added).

28
                                3

United States District Court
For the Northern District of California

Although the actual text of Rule 56, cited above, controls in any dispute as to its interpretation, the Court provides the following brief explanation of Plaintiff's rights and obligations under the Rule:   If Plaintiff does not file an opposition supported by evidence, the Court may enter summary judgment in favor of Defendants.   If Plaintiff does not contradict the Defendants' evidence with evidence of his or her own, the Court might take Defendants' evidence as true and enter judgment against Plaintiff on his or her claims against Defendants.   Under Federal Rule of Civil Procedure 56(e), the following types of evidence may be submitted:

1.   Statements made in the complaint _if_ the complaint (a) was signed under penalty of perjury and (b) shows personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated;

2.   Affidavits or declarations.   Any person signing an affidavit or declaration must have personal knowledge of the facts stated.   At the end of a declaration or affidavit, the document must state, "I declare under penalty of perjury that the foregoing is true and correct," and be signed by the individual who has the required personal knowledge.   Any declarations or affidavits that are unsigned will not be considered.

3.   Copies of documents so long as they are submitted with proof that the records are what they purport to be. Specifically, Plaintiff must declare under penalty of perjury that the documents are true and correct copies of the documents, and must specify how the documents were obtained; and

4

**United States District Court**
For the Northern District of California

1       4.    Transcripts of depositions, answers to interrogatories,

2           or admissions obtained in this proceeding.

3   To defeat a summary judgment motion, Plaintiff must present

4   evidence that, when viewed together with Defendants' evidence,

5   convinces the Court that his or her claims should go to trial.

6       If Plaintiff has a good reason why facts are not available to

7   him or her at the time required to oppose the summary judgment

8   motion, the Court <u>may</u> consider a request to postpone ruling on the

9   motion.  To support such a request, Plaintiff must provide the

10  Court and opposing counsel with an affidavit or declaration

11  (signed under penalty of perjury) setting forth the reasons the

12  facts are unavailable and indicating how those facts would support

13  his or her claims.

14      Plaintiff is reminded that if he or she does not file and

15  serve a written opposition with supporting documents or a request

16  to postpone with a supporting affidavit or declaration, the Court

17  may deem this failure to act to be consent to the granting of

18  Defendants' summary judgment motion.

19      This notice shall constitute the only such notice from the

20  Court concerning the Defendants' summary judgment motion.  The

21  Court will not provide any further information regarding the

22  interpretation of Federal Rule of Civil Procedure 56 and will not

23  answer unsolicited questions about the applicable rules of

24  procedure.

Dated:   **APR 1** 2008

*[signature]*

CLAUDIA WILKEN
United States District Judge

g:\cwall\legalstd\pro-sesj.adv

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MITCHELL et al,

                  Plaintiff,

   v.

OAK HARBOR FREIGHT LINES INC et al,

                  Defendant.
_____/

Case Number: CV07-04388 CW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Willie L. Mitchell
P.O. Box 5282
Oakland, CA 94605

Dated: April 22, 2008

                               Richard W. Wieking, Clerk
                               By: Sheilah Cahill, Deputy Clerk