IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. MITCHELL, | No. C 07-4388 CW |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| OAK HARBOR FREIGHT LINES, INC., | |
| Defendant. | |
| _____/ | |

    Defendant Oak Harbor Freight Lines, Inc, has filed a motion for judgment on the pleadings.  In an order dated April 22, 2008, the Court took the motion under submission on the papers and informed pro se Plaintiff Willie Mitchell that his opposition was due by May 8, 2008.  The Court informed Plaintiff that failure "to timely file an opposition to the motion may result in the granting of the motion."  Plaintiff did not file an opposition by May 8.  On May 15, 2008, the Court entered an order extending the deadline for Plaintiff's opposition to May 22, 2008.  In that order, the Court warned, "Failure by Plaintiff to timely file an opposition to the motion may result in dismissal of this action for failure to prosecute."  Plaintiff did not file an opposition by May 22. Having considered Defendant's papers, the Court grants Defendant's motion in part.

BACKGROUND

    The following facts are alleged in the complaint and are assumed true for purposes of this order.  Plaintiff has been a

professional truck driver since 1969. In March, 2000, Plaintiff was hired by Defendant. On October 8, 2004, Plaintiff was required to undergo a random Department of Transportation (DOT) drug test. Plaintiff tested positive for marijuana. He alleges that he never used any type of controlled substance during the time he was employed by Defendant and that he does not smoke marijuana. Until the October, 2004 drug test, Plaintiff had had a flawless employment history and had passed more than 100 DOT drug tests.

When Plaintiff learned that his drug test had returned positive, he asked his dentist whether Vicodin prescribed following oral surgery could have caused the positive test. The dentist stated that it was possible and also informed Defendant's testing agency of this belief. Based on his dentist's belief, Plaintiff requested a repeat drug test. Defendant refused and instead terminated Plaintiff.

Following his termination, Plaintiff sought unemployment benefits. Defendant contested the claim. The California Unemployment Insurance Appeals Board held a hearing and concluded that Defendant had not established the reliability of its testing procedures and had not produced evidence to establish that Mitchell actually used drugs while employed as a commercial truck driver.

Plaintiff alleges that once in August, 2005 and five times since March, 2006 he was either terminated or rejected from employment. He asserts that these negative actions were based on false information reported by Defendant. In particular, Plaintiff asserts that Defendant stated that in April, 2004, Plaintiff was involved in an accident in Georgia and that he had a tested

2

positive during a DOT drug test.

Based on these allegations, Plaintiff brings three claims against Defendant: violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, intentional infliction of emotional distress and negligent infliction of emotional distress.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

## DISCUSSION

I.  Fair Credit Reporting Act

The FCRA creates a private right of action against credit reporting agencies for negligent or willful non-compliance with its duties. 15 U.S.C. §§ 1681n, 1681o. As Defendant argues, Plaintiff's FCRA claim fails because Defendant is not a consumer reporting agency. Under the FCRA, a consumer reporting agency is defined as,

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

3

15 U.S.C. § 1681a(f). As Plaintiff alleges, Defendant is "a licensed interstate hauling/transportation carrier." Complaint ¶ 4. Although Plaintiff also alleges that Defendant is a "'consumer reporting agency' within the meaning of the Fair Credit Reporting Act," he does not allege any facts to support such a finding. Id.

Therefore, the Court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's FCRA claim.

## II. Emotional Distress Claims

Defendant next argues that Plaintiff's negligent and intentional infliction of emotional distress claims are barred by the doctrine of workers' compensation exclusivity. Defendant does not cite any case in which a reference regarding a former employee was found to be an act arising out of the former employment. Therefore, the Court will not grant judgment on the pleadings with respect to Plaintiff's negligent and intentional infliction of emotional distress claims.

However, as stated above, the Court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's only federal claim. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Brown v. Lucky Stores, 246 F.3d 1182, 1189 (9th Cir. 2001). The decision to retain jurisdiction over state law claims is within the discretion of the district court, weighing factors such as economy, convenience, fairness, and comity. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citing Imagineering, Inc.

4

1  v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992), cert.
2  denied, 507 U.S. 1004 (1993)).  Because this case is at an early
3  stage, the Court declines to exercise supplemental jurisdiction
4  over Plaintiff's remaining state law claims.  See Imagineering, 976
5  F.3d at 1309 (when all federal claims are dismissed before trial,
6  the balance of factors points toward declining to exercise
7  jurisdiction over remaining state law claims) (citations omitted).
8  Therefore, the Court dismisses Plaintiff's negligent and
9  intentional infliction of emotional distress claims without
10 prejudice to refiling in state court.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendant's motion for judgment on the pleadings (Docket No. 24). Plaintiff's FCRA claim is dismissed with prejudice.  His claims for negligent and intentional infliction of emotional distress claims are dismissed without prejudice to refiling in state court.  If Plaintiff wishes to pursue his claims in state court, he must do so promptly.

Because this case will not go forward in this Court, a referral to the attorney-assisted settlement conference program will not be made. The clerk shall close the file.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 7/3/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MITCHELL et al,

        Plaintiff,

v.

OAK HARBOR FREIGHT LINES INC et al,

        Defendant.

Case Number: CV07-04388 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elizabeth R. Ison
The Ison Law Group
3220 M Street
Sacramento, CA 95816-5231

Willie L. Mitchell
P.O. Box 5282
Oakland, CA 94605

Dated: July 3, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

6